**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6664**

BASIR MATEEN RAZZAK,

Plaintiff - Appellant,

v.

ACKOYT, Nurse Practitioner; A. GRIZZARD; CCS CORRECT CARE SOLUTIONS, MEDICAL AGENCY; FORSYTH COUNTY DETENTION CENTER SERVICE BUREAU,

Defendants – Appellees,

and

DR. RHOADES,

Defendant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta Copeland Biggs, District Judge.  (1:15-cv-01016-LCB-LPA)

Submitted:  September 29, 2017                    Decided:  October 6, 2017

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Basir Mateen Razzak, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Basir Mateen Razzak seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Razzak's 42 U.S.C. § 1983 (2012) complaint. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and the party asserting appellate jurisdiction carries the burden of proving it, *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583-84 (4th Cir. 2012). In a civil case like Razzak's, the notice of appeal must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). When the appellant is incarcerated, the notice of appeal is considered filed on the date it was properly delivered to prison officials for mailing. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 267 (1988). The timely filing of a motion to alter or amend judgment tolls the start of the time to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(iv). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

In this case, the district court dismissed Razzak's complaint on February 22, 2016. Razzak filed a motion to alter or amend judgment that was dated March 4, 2016, but was not filed on the district court's docket until March 31, 2016. Razzak then filed a notice of appeal on April 18, 2016, well after the expiration of the appeal period, unless the motion to alter or amend judgment tolled the start of that period. We previously remanded for the limited purpose of determining when Razzak delivered his motion to alter or amend judgment to prison officials for mailing, explaining that, unless that motion was timely filed to toll the appeal period, his appeal was untimely. On remand, Razzak refused to

3

respond to the district court's inquiry regarding when he filed the motion to alter or amend judgment. We therefore conclude that Razzak has failed to carry his burden to establish appellate jurisdiction, and we dismiss Razzak's appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*